IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ADEEB NAJI AMER                                              PETITIONER

V.                                                    NO. 1:06CR118-GHD
UNITED STATES OF AMERICA                                     RESPONDENT

## MEMORANDUM OPINION

Presently before the court is the Petitioner's Motion to Vacate Sentence under to 28 U.S.C. § 2255. The Government has responded, the Petitioner has filed his traverse, and this matter is ripe for review. Having considered the parties' briefs and exhibits, the court finds that the motion is well taken and shall be granted.

*A. Factual Background*

The Petitioner is an immigrant from Yemen. In 2001, he married a citizen and was admitted as a permanent resident of the United States in 2003. On July 18, 2008, pursuant to a written plea agreement, the Petitioner pled guilty to distributing pseudoephedrine in violation of 21 U.S.C. § 841(c)(2). A provision in the plea agreement expressly required that the Petitioner waive all appeals and collateral attacks of his conviction and sentence. On February 5, 2009, the Petitioner was sentenced to 30 months imprisonment. No appeal was taken. Despite the waiver in the plea agreement and with the assistance of counsel, he filed the present motion on September 17, 2010.

The Petitioner claims that his attorney rendered ineffective assistance by failing to advise him of the likelihood of deportation in accordance with *Padilla v. Kentucky*, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). The Government argues that the Petitioner has waived any right to attack his sentence. Further, even if there had been no waiver, the Petitioner's motion is untimely. Alternatively, the Government argues that *Padilla v. Kentucky* does not apply to this case.

*B. Timeliness*

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. The statute provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgement of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003).

Since no appeal was taken, the Petitioner's conviction became ten days after judgment was entered. *See* Fed. R. App. P. 4(b) (2009).[1] In the absence of further review, the conviction became final on February 24, 2009. He, thus, had one-year or until February 24, 2010, to file a motion under § 2255(f)(1).

Amer acknowledges that his petition is untimely under § 2255(f)(1). He asserts, however, that his petition should be considered under § 2255(f)(3)–the date on which the right asserted was initially recognized by the Supreme Court and made retroactive–based on *Padilla v. Kentucky*, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). The Government argues that *Padilla* does not apply retroactively.

*Padilla* was announced on March 31, 2010. The Petitioner's conviction became final on February 24, 2009. In order to benefit from *Padilla*, the holding will have to apply retroactively.[2]

---

[1] The Rule has since been amended and allows 14 days to perfect an appeal.

[2] The petition is more appropriately construed under 28 U.S.C. § 2241 as a writ for error coram nobis. *United States v. Dryer*, 136 F.3d 417, 427-28 (5th Cir. 1998). A petitioner seeking such an extraordinary remedy must act diligently. *Id.* at 427-28.
This matter was filed on September 17, 2010. To the extent there is any argument about

2

### C. Padilla v. Kentucky

The facts of *Padilla* are virtually identical to this case. Like the Petitioner, Padilla was a lawful permanent resident of the United States. *Id.* at 1477. After pleading guilty to transporting drugs, Padilla pled guilty. *Id.* at 1478. Soon thereafter, he was facing the possibility of deportation. *Id.* On collateral review, Padilla argued that he received ineffective assistance of counsel when his attorney failed to advise him of the possible consequence of deportation. *Id.* Padilla claimed that he would have insisted on going to trial if he had received any advice about deportation. *Id.*

The United States Supreme Court conclusively held that the Sixth Amendment, as interpreted in *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), requires defense counsel to inform a client considering pleading guilty if there is a risk of deportation associated with a conviction. *Id.* at 1484 (noting that in the past professional norms have required counsel to discuss deportation consequences). The failure to so advise a client satisfies the deficient performance prong of the *Strickland* analysis. *Id.*

Neither the United States Supreme Court or the Fifth Circuit Court of Appeals has passed on whether *Padilla* should apply retroactively. Instructive, however, are two opinions by sister courts. *See Zapata-Banda v. United States*, No. B:09-PO-2487, 2011 WL 1113586 (S.D. Tex. Mar. 7, 2011); *Marroquin v. United States*, No. M-10-156 2011 WL 488985 (S.D. Tex. Feb. 4, 2011). After thorough analysis, each opinion held that *Padilla* does apply retroactively.[3] This court agrees.

*Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) sets forth the test for determining when a rule announced should be applied retroactively. That case provides, "an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases

---

timeliness beginning from the issuance of *Padilla*, the court finds that the six months between *Padilla* and filing this matter does not warrant a finding of untimeliness. *See Zapata-Banda v. United States*, Crm. No. B:09-PO-2487, 2011 WL 1113586 at *3 (S.D. Tex. Mar. 7, 2011).

[3] *Zapata-Banda*, 2011 WL 1113586 at **12-13 (denying relief after finding the petitioner had not suffered any prejudice); *Marroquin*, 2011 WL 488985 at **8-9 (denying relief where the court had admonished the petitioner about probable deportation in the plea colloquy).

3

that are still on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007). A new rule is one that "breaks new ground, imposes a new obligation on the States or the Federal Government, or was not dictated by precedent existing at the time the defendant's conviction became final." *Grahm v. Collins*, 506 U.S. 461, 467, 113 S. Ct. 892, 122 L. Ed. 2d 260 1993).

This court joins the decisions of the sister courts and finds that *Padilla* did not announce a "new rule" but merely extended an old rule[4]. That is, the Sixth Amendment's right to counsel as delineated by *Strickland* and its progeny has not been altered but, rather, extended to include the affirmative duty to advise a noncitizen defendant of the immigration consequences of a criminal conviction. The failure to so advise a client is *per se* constitutionally deficient representation. *Padilla*, 130 S. Ct. 1482-83. Both the language of *Padilla* and the application of *Teague's* test indicate that the *Padilla* holiding should apply retroactively. *See Marroquin*, 2011 WL 488985 at \*\*8-9 (for a comprehensive and well reasoned *Teague* analysis).

---

[4] Courts have been divided on the retroactive effect of *Padilla*. *See Mendoza v. United States*, \_\_ F. Supp. 2d \_\_, 2011 WL 1226475 at \*5 (E.D. Va. Mar. 24, 2011) (did not announce a new rule and thus does not apply retroactively); *United States v. Gilbert*, No. 2:03-cr-00349-WJM-1, 2010 WL 4134286 at \*3 (D. N.J. Oct. 19, 2010) (same); *United States v. Shafeek*, No. 05-81129, 2010 WL 3789747 at \*\*3-4 (E.D. Mich. Sept. 22, 2010) (same, denying relief when petitioner's sentence was not under collateral review at the time *Padilla* was issued);

*But see United States v. Chavarria*, No. 2:10-CV-191 JVB, 2011 WL1336565 at \*\*2-3 (N.D. Ind. Apr. 7, 2011) (finding *Padilla* does apply retroactively to a 2009 guilty plea); *United States v. Zhong Lin*, No. 3:07-CR-44-H, 2011 WL 197206 at \*\*2-3 (W.D. Ky. Jan. 20, 2011) (*Padilla* applies retroactively to convictions which became final before the decision); *Martin v. United States*, No. 09-1397, 2010 WL 3463949 at \*3 (C.D. Ill. Aug. 25, 2010) (*Padilla* is not a new rule and does apply retroactively).

## D. Ineffective Assistance of Counsel[5]

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

The court must apply the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. When the alleged deficient performance involves the plea process, the petitioner must prove "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). A reasonable probability is probability sufficient to undermine confidence in the outcome and is less than a preponderance of the evidence. *Dale v. Quaterman*, 553 F.3d 876, 880

---

[5] The court proceeds with an analysis of the merits of the Petitioner's claim despite the Government's argument regarding waiver. Only claims of ineffective assistance of counsel directly affecting the validity of the waiver or the plea itself survive a knowing and voluntary waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Given the nature of the Petitioner's claim and the ultimate conclusion reached herein, the court finds that deficient advice renders the entire plea agreement, including the waiver provision, involuntary. *Town of Newton v. Rumery*, 480 U.S. 386, 393, 107 S. Ct. 1187, 1192, 94 L. Ed. 2d 405 (1987); *see also Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (justice requires a defendant have the opportunity to assert the right to effective counsel if he has accepted the waiver in reliance on deficient representation).

(5th Cir. 2008). In other words, he must demonstrate a reasonable probability that he would have changed his plea. *Arnold v. Thaler*, 630 F.3d 367, 370 (5th Cir. 2011).

Under *Padilla* counsel now has an affirmative obligation to advise his client about the deportation consequences of pleading guilty. The Petitioner's argument that his attorney did not discuss the possibility of deportation is uncontradicted. The attorney's failure to do so is *per se* deficient under *Padilla*. This, however, does not end the inquiry. The Petitioner must also satisfy the prejudice prong of *Strickland*. In support of his claim, the Petitioner suggests that if had known of that deportation was likely he would not have accepted the plea deal. The Government counters that the Petitioner's claim of prejudice is conclusory and insufficient to warrant relief.

Apart from his own contention, there seems to be little proof the Petitioner could provide to show prejudice. Nevertheless, it is entirely plausible that information regarding the possibility of deportation would have motivated a reasonable person not to plead guilty. Accordingly, the court finds that the Petitioner has met both prongs of *Strickland*. He has proven that his attorney rendered deficient or, in this case, no advise as to the risk of deportation associated with a conviction. The Petitioner has also satisfied the court that had he been aware of the risk of removal he would have elected a trial.

### F. Conclusion

The Petitioner has successfully maintained his burden of proof as to his claims for relief. Therefore, the sentence and guilty plea will be set aside. The Government shall have 120 days to retry the matter.

A order in accordance with this opinion will be entered.

THIS the 31st day of May, 2011.

SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI